# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

CERTAIN UNDERWRITERS AT
LLOYD'S, LONDON,

    Plaintiff,

v.                                      Case No: 8:20-cv-2633-T-36AAS

ZOLLER ENGINEERING, LLC,
APRIL SIKES, CLIPPER BAY
ASSOCIATES, LTD. and
CORNERSTONE RESIDENTIAL
MANAGEMENT, LLC,

    Defendants.
_____/

## ORDER

This cause comes before the Court *sua sponte*. Plaintiff, Certain Underwriters at Lloyd's, London, filed its Complaint for Declaratory Relief in this Court on November 11, 2020, predicating the Court's jurisdiction on diversity of citizenship pursuant to 28 U.S.C. § 1332. Doc. 1, ¶ 6. However, upon review of the Complaint, Plaintiff has not sufficiently established this Court's subject matter jurisdiction. As such, Plaintiff shall show cause as to why this action should not be dismissed for lack of subject matter jurisdiction.

## DISCUSSION

Federal courts must *sua sponte* inquire into subject matter jurisdiction whenever such jurisdiction may be lacking. *Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004); *accord Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("[O]nce a

federal court determines that it is without subject matter jurisdiction, the court is powerless to continue."). "The jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case, and cannot be waived or otherwise conferred upon the court by the parties." *Jackson v. Seaboard Coast Line R.R. Co.*, 678 F.2d 992, 1000 (11th Cir. 1982). The bases for federal subject matter jurisdiction are confined, as federal courts are "empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution or otherwise authorized by Congress." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994).

Congress granted district courts original subject matter jurisdiction over civil actions sitting in diversity. 28 U.S.C. § 1332. Diversity jurisdiction exists where the lawsuit is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. *Id.* § 1332(a)(1). Each defendant must be diverse from each plaintiff for diversity jurisdiction to exist under 28 U.S.C. § 1332. *Univ. of S. Ala.*, 168 F.3d at 412.

A complaint's allegations, when federal jurisdiction is based on diversity, must include the citizenship of each party, so that the court is satisfied that no plaintiff is a citizen of the same state as any defendant. *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). It is the burden of the party seeking federal jurisdiction to establish that diversity exists by a preponderance of the evidence. *McCormick*, 293 F.3d at 1257.

Plaintiff's allegations in the Complaint do not sufficiently allege diversity of citizenship. Plaintiff is alleged to be "Certain Underwriters at Lloyd's, London Subscribing to Policy Number MERCFL005239-3 ('Underwriters')." Doc. 1 at 1. The Complaint alleges that Underwriters are "business entities organized and existing under the laws of Great Britain and Wales, who subscribe to Policy Number MERCFL005239-3" ("the subject policy"). *Id.* ¶ 1. Underwriters are alleged to be authorized to conduct business throughout the State of Florida. *Id.*

"Lloyds of London is not a corporation, but rather consists of several syndicates made up of several members." *Smith v. Liberty Mut. Ins. Co.*, No. 06-14158-CIV, 2007 WL 9702397, at *2 (S.D. Fla. Mar. 5, 2007) (citing *E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co.*, 160 F.3d 925 (2d Cir. 1998) (explaining the structure of Lloyds of London)). As explained by the Eleventh Circuit:

> Syndicates in the Lloyd's market have no independent legal identities, but are merely "creature[s] of administrative convenience," *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 858 (5th Cir. 2003): they operate as an aggregation of individual members with individual contracts and obligations running to the insured. They are organized by a Managing Agent and the lead underwriter, but the Managing Agent is merely a fiduciary with no financial stake, and the lead underwriter, despite typically having a greater financial stake and some managerial responsibility, is ultimately just one among the syndicate's multiple underwriters, all of whom are severally liable to the policy holder for their respective share of the risk. Both legally and structurally, the Lloyd's syndicates are classic examples of unincorporated associations; they are "bod[ies] of persons acting together, without a charter, but upon the methods and forms used by corporations, for the prosecution of some common enterprise."

*Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d at 1079, 1088–89 (11th Cir. 2010) (citation omitted).

For purposes of determining whether parties are diverse, the Eleventh Circuit has held the citizenship of each "Name" or "member" subscribing to a policy underwritten by Lloyd's of London must be considered in determining diversity of citizenship. *Id.* at 1088. In so holding, the court noted that unincorporated associations, such as Underwriters at Lloyd's "do not themselves have any citizenship, but instead must prove the citizenship of each of their members to meet the jurisdictional requirements of 28 U.S.C. § 1332." *Id.* at 1086.

Here, Plaintiff has provided no information in the allegations of its Complaint as to the Names or members subscribing to the subject policy or as to their citizenship. The Court notes that the declarations page attached to the Complaint identifies an "Amelia Underwriters" with a Fernandina Beach, Florida address. Doc. 1 at 36. If any of Plaintiff's members are Florida citizens, diversity would not exist as Defendants are alleged to be Florida citizens. *See* Doc. 1, ¶¶ 3–5. Without information regarding the citizenship of Plaintiff's members, the Court is unable to determine if diversity of citizenship exists. Accordingly, it is hereby

**ORDERED**:

Plaintiff is directed to **SHOW CAUSE** as to why this case should not be dismissed for lack of subject matter jurisdiction. Plaintiff shall file a written response with the Court within **FOURTEEN (14) DAYS** from the date of this Order.

Additionally, Plaintiff should file an amended complaint within **FOURTEEN (14) DAYS** which cures the jurisdictional deficiencies noted herein. Failure to respond within the time provided will result in the dismissal of this action without further notice.

      **DONE** and **ORDERED** in Tampa, Florida on January 13, 2021.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties